## FLAHERTY *v.* ANDREWS.

Although a tenancy has terminated by expiration of the term, or by non-pay-ment of rent, or there has been an agreement to surrender, the landlord has no right to enter by force and put the family and goods of the tenant out of the demised premises, without process.

In an action for such forcible ejection, a previous surrender of the premises by the tenant, if relied upon by the defendant, must be set up in the answer.

No surrender, short of an *actual delivery of the premises* to the landlord, will warrant a forcible ejection.

APPEAL by the defendant, from one of the justice's courts, where a tenant recovered judgment against a landlord, for a forcible ejection of the plaintiff's family and effects from the demised premises.

BY THE COURT. WOODRUFF, J.—The question of fact raised by the parties on the trial hereof was simply, whether the defendant had forcibly ejected the plaintiff from the premises in question. The proof fully sustains the finding of the justice on this subject.

If the defendant relied upon a previous surrender of the premises by the plaintiff, he should have set up such pre-vious surrender in his answer. If the question of title had been raised thereby, the jurisdiction of the court would have been defeated.

But if the defendant relied upon proving that the alleged forcible removal was itself voluntary on the part of the plaintiff, and in pursuance of his agreement to surrender, that was a question upon which, under the conflicting evi-dence, we must regard the finding of the justice as con-clusive.

No surrender short of an *actual delivery* of the *premises* to the landlord, is sufficient to warrant such forcible ejection.

If by such surrender, or by reason of the non-payment of rent, or for other reason, the term of the letting has terminated, or the tenancy has ceased, the landlord has his summary remedy to obtain possession, and he should have resorted to that, instead of an arbitrary removal of the tenant's goods and family, by force, without process.

The judgment should be affirmed, with costs.